```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ALBERT MICHAUD,                  :
                                 :
    plaintiff,                   :
                                 :
v.                               :    CASE NO. 3:24cv246(JCH)
                                 :
NATIONAL RAILROAD PASSENGER      :
CORPORATION,                     :
                                 :
    defendant.                   :
```

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

Pending before the Court is the Plaintiff Albert Michaud's motion to compel Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") to produce documents concerning any disciplinary charges and proceedings arising out of an alleged incident occurring in Old Lyme, Connecticut on February 2, 2023. (Dkt. #27 and #28 at 2) For the following reasons, Plaintiff's motion to compel is DENIED.

### A. Background

Plaintiff is a former Amtrak employee who brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. (Dkt. #28 at 2.) On February 2, 2023, Plaintiff was operating a Railroad tie handler in Old Lyme, Connecticut. Id. Plaintiff alleges that he was struck from behind by a high-rail crane operated by another Amtrak employee Id. Further, plaintiff alleges that the high-rail crane was traveling about 20 miles

1

per hour and failed to slow down before colliding with plaintiff's tie handler. Id. Plaintiff alleges that he suffered multiple physical and emotional injuries due to the collision. Id.

### B. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure states,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Discovery under the Federal Rules of Civil Procedure is a conditional and carefully circumscribed process." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016), as amended (June 15, 2016). The party seeking the discovery has the burden of demonstrating relevance. Id.  This analysis "requires one to ask: Is the discovery *relevant* to a party's *claim* or *defense*? Which claim? Which defense? At this stage of the litigation, one looks to the parties' pleadings for their claims or defenses." Id.

The party moving to compel discovery must show "that the requests are within the scope of Rule 26(b)(1)." Conservation

L. Found., Inc. v. Shell Oil Co., No. 3:21-CV-00933 (JAM), 2023 WL 5434760, at *11 (D. Conn. Aug. 22, 2023); Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009)(citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975.))The issue is whether [the requested information] may lead to the discovery of relevant, admissible materials." Sullivan v. StratMar Sys., Inc., 276 F.R.D. 17, 21 (D. Conn. 2011.) "Relevance" broadly includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Id. at 19 (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). "If the matter sought would be helpful in securing a just, speedy and inexpensive determination of the litigation, then the argument for its relevancy is strong." Deveau v. Millis Transp. Co., 43 F.R.D. 505, 507 (D. Conn. 1967) (Finding that full disclosure of insurance policy limits would help determine liability.)

After the moving party shows relevance under Rule 26, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." Cole, 256 F.R.D. at 80.

"Where a party 'fails to produce documents . . . as requested,' Federal Rule of Civil Procedure 37 permits '[the] party seeking discovery . . . [to] move for an order compelling an answer, designation, production or inspection.'" In re

3

Aggrenox Antitrust Litig., No. 3:14-CV-572 (SRU), 2017 WL 5885664, at *1 (D. Conn. Nov. 29, 2017) (quoting Fed. R. Civ. P. 37(a)(3)(B))(alterations in original). "Because the Federal Rules . . . are to be construed liberally in favor of discovery, . . . the party resisting discovery bears the burden of showing why discovery should be denied." Id.

"All '[m]otions relative to discovery,' including motions to compel, 'are addressed to the discretion of the [district] court.'" Id. (quoting Soobzokov v. CBS, Quadrangle/New York Times Book Co., 642 F.2d 28, 30 (2d Cir. 1981)). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998). Discovery orders "will only be reversed if [the district court's] decision constitutes an abuse of discretion." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).

### C. Discussion

#### I. Requests for Amtrak's Records of Employees' Disciplinary Charges and Proceedings from the Incident in Question

Plaintiff alleges that Amtrak was negligent in various ways. (Dkt. #18 at 2-3.) Plaintiff also alleges that Amtrak "failed in its nondelegable duty to provide the plaintiff with a

4

reasonably safe place to work." (Dkt. #18 at 2.) Plaintiff alleges that Amtrak is liable for Plaintiff's injuries under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. To advance his claims, Plaintiff submitted several requests for production. *See* (Dkt. # 27.) On September 9, 2024, Amtrak filed a memorandum in opposition to Plaintiff's motion to compel. (Dkt. # 31.) In the memorandum, Amtrak concedes liability for any compensatory damages caused by the incident in question. (Dkt. # 31-1 at ¶7-¶8) As a result, Amtrak's liability is no longer at issue in this case.

Plaintiff's sole remaining request for production ("RFP #59"), and the subject of the pending motion, requests "All documents concerning any disciplinary charges and proceedings arising out of the incident including, but not limited to, all charging letters, hearing transcripts, exhibits, any disciplinary findings, and any waiver letters." (Dkt. # 28 at 6).[1] Plaintiff argues that Request #59 is relevant to the issue of negligence and can help establish Amtrak's liability. (Dkt. #28 at 7).

The question is whether RFP #59 will lead to information on matters that are at issue in this case. Since Amtrak has already conceded liability (Dkt. # 31-1.), that issue is no longer disputed in this case. (Dkt. # 31-1.) *See* Merrimack Mut. Fire

---

[1] Plaintiff withdrew Requests for Production numbers 11, 52, and 53, and interrogatories 14 and 15. (Dkt. #31-1 at 2)

5

Insur. Co v. Hodge, No. 20-cv00791(VAB), 2021 WL2037954 at *5 (D. Conn., May 21, 2021) ("There is no need to engage in discovery over any undisputed issue.") In light of Defendant's stipulation, Plaintiff has failed to show how the records will reasonably "lead to other matter that could bear on, any issue that is or may be in the case." Sullivan, 276 F.R.D. at 19. Therefore, Plaintiff has not established his burden of showing why the disciplinary records are relevant for discovery purposes. Additionally, even if the requested information was potentially relevant for discovery purposes, the marginal utility would be outweighed by the burden, in light of Defendant's concession of liability. As a result, Plaintiff's motion to compel is DENIED.

## CONCLUSION

For the above reasons, Plaintiff's motion to compel is DENIED. The Court has concluded that the information sought is not relevant in light of Defendant's stipulation.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this **23rd day of October, 2024** at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge